UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LOIS ARDOIN** | **CASE NO. 6:21-CV-01656** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 14) filed by State Farm Fire & Casualty Company. State Farm moves to dismiss this lawsuit if the Court excludes the expert testimony of Jarod Jacobs.[1]

## FACTUAL STATEMENT

Jessica O'Dell was the only expert witness designated.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

---

[1] The Court believes this to be in error, as expressed in State Farm's Statement of Facts, the correct name for the expert witness is Jessica O'Dell.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

State Farm argues that if the Court excludes Plaintiff's only designated expert,[2] Plaintiff will be without admissible evidence that their damage was caused by a covered event during the policy period. State Farm argues that in a case like this one, the plaintiff

---

[2] State Farm has filed a separate Motion to Exclude the Testimony of Plaintiff's Expert, Jessica O'Dell of Complete Adjusting Services, LLC (Doc. 13).

must present expert testimony to meet the plaintiff's burden of proof on causation as to damages.

Plaintiff contends that State Farm fails to recognize that Plaintiff has designated another expert who actually inspected the property,[3] Scott Cole. Plaintiff asserts that it will also rely on the testimony of Plaintiff and her observation of the damages. Finally, Plaintiff complains that State Farm has failed to designate a 30(b)(6) deponent, thus, discovery is incomplete.

As noted by Plaintiff, its intended expert, Mr. Barrilleaux, who prepared the Xactimate estimate passed away prior to Plaintiff designating him as an expert, and prior to the deadline for Plaintiff to designate her expert. Plaintiff designated Ms. O'Dell, only to find out afterwards that Ms. O'Dell had not prepared the estimate and had a very limited role in the case file. Shortly after discovering that Scott Cole had been the field adjuster in this matter and had inspected the Plaintiff's home, took field notes and assisted Mr. Barrilleaux with the estimate, Plaintiff's counsel designated Mr. Cole as the expert, albeit untimely. Again, it appears that State Farm is attempting to take advantage of Mr. Barrilleaux's death. While State Farm complains that Plaintiff's counsel misled the Court about when he found out that Ms. O'Dell did not prepare the estimate,[4] State Farm makes

---

[3] The Court notes that it will allow, if Plaintiff so chooses, Plaintiff to substitute a new expert considering the circumstances of this case.

[4] Plaintiff's counsel states he found out the day before the May 23, 2022 deposition of Ms. O'Dell, when in fact, Ms. O'Dell authored a letter dated May 10, 2022 to Plaintiff's law firm, which Plaintiff's counsel forwarded to State Farm, wherein Ms. O'Dell advised that she had not prepared the estimate, and that her name was on the estimate as an error. Defendant's exhibit E, attached to the Motion to Exclude Jessica O'Dell, Doc. 13-7.

no excuse as to why it has not provided a 30(b)(6) deponent. On the other hand, the Court notes that the record reflects that Plaintiff's counsel did not file a Motion to Compel.

This Court is not at all impressed with how counsel for both parties are litigating this matter. Be that as it may, the Court has allowed in its ruling considering State Farm's Motion to Strike Plaintiff's Late Expert,[5] Plaintiff if she so chooses, to designate a new expert, and conduct another inspection of the property.

## **CONCLUSION**

For the reasons set forth herein, State Farm's Motion for Summary Judgment will be denied.

**THUS DONE AND SIGNED** in Chambers on this 12th day of September, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Doc. 20.